UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the matter of,                          )
RANDALL K. MINAS,                          )    Chapter 7
        Debtor                 )    No. 11-34734
_____ )
RANDALL K. MINAS                           )
                                           )
        Appellant,              )
                                           )
    v.                                     )    Case No. 3:12-CV-481-JD
                                           )
KENNETH MATNEY and                         )
ANTHONY MEYER,                             )
                                           )
        Appellees.              )

OPINION AND ORDER

Appellant Randall K. Minas seeks review of the bankruptcy court's July 19, 2012 order [Bankr. DE 95] granting the request for additional time by Appellees Kenneth Matney and Anthony Meyer [Bankr. DE 94]. Minas filed his Notice of Appeal on July 31, 2012 [Bankr. DE 104] and brief in support of his appeal on September 17, 2012 [DE 3]. Appellees Kenneth Matney and Anthony Meyer submitted their brief in opposition [DE 6], to which Minas sought to strike [DE 8; DE 9]. Minas also filed his reply brief [DE 11], but then sought to dismiss his own appeal as moot [DE 10]. After Minas filed a supplemental motion to dismiss the appeal as moot [DE 12] and motion for hearing [DE 13], Matney filed a response [DE 15], to which Minas replied [DE 16].

28 U.S.C. § 158(a)(1) grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts; however, the parties agree that this appeal is now moot.

While the bankruptcy case dates back to December 2011 [Bankr. DE 1], for purposes of this (now moot) appeal the Court notes that Minas originally appealed the Bankruptcy Judge's July 19, 2012 order, allegedly entered without proper notice or a hearing, extending the deadline to September 14, 2012 to conduct the 2004 examination of the debtor, and extending the deadline to September 28, 2012 to submit complaints to determine the dischargeability of debt [Bankr. DE 95].

However, on July 9, 2013, Appellee Meyer entered into a joint stipulation with Minas thereby resolving any claim that Meyer had against Minas in the underlying bankruptcy case [Bankr. DE 175]. Accordingly, Minas represents to the undersigned that "[a]ll issues in this Appeal concerning Meyer have been resolved," and Minas requests the appeal be dismissed as moot relative to Meyer [DE 12 at 3]. Meyer filed no response.

Given the stipulation entered into by Minas and Meyer in the underlying bankruptcy case, and consistent with Minas' request, Minas' appeal is rendered moot relative to Meyer. *See In re Vlasek* , 325 F.3d 955, 961 (7th Cir. 2003) ("A case is moot if there is no possible relief which the court could order that would benefit the party seeking it.").

In addition, Appellee Matney never filed a complaint to determine the dischargeability of debt or a complaint objecting to the debtor's discharge prior to the deadline of September 28, 2012, as established by the July 19, 2012 Bankruptcy Judge's order. As a result, Minas represents that the only issue that was remaining in this appeal−that is, whether the Bankruptcy Judge erred on July 19 by granting the extension without proper notice and opportunity to object−is also moot because Matney failed to obtain any further extension during the relevant time limits or file any complaint against Minas before September 28 [DE 12 at 3].

Matney responded and confirmed that he "does not object to the current appeal being dismissed" [DE 15 at 5]. Despite the fact that Matney has since filed a belated motion with the bankruptcy court seeking an extension of time in which to object to any discharge (to which he anticipates Minas will oppose) [DE 177], Matney agrees that the Court should grant Minas' motion to dismiss the appeal [DE 15 at 5]. However, Matney does oppose any order of this Court which would limit Matney's ability to now object to any bankruptcy discharge [DE 15].

It is true that Minas seemingly requests the undersigned to actually prohibit Matney from seeking a subsequent extension before the Bankruptcy Judge and even enter an order of discharge for Minas [DE 16 at 2-3]. Yet, at the same time, Minas acknowledges that at this point "the current appeal has no effect on the outcome of the Appellant's right to a discharge" and that "this new matter [concerning Matney's motion for extension of time pending before the bankruptcy court] will be initially evaluated by the bankruptcy court" [DE 16 at 2].

Ultimately, this Court has no jurisdiction to consider matters outside the appeal of the Bankruptcy Court's July 19, 2012 order, a matter which has since been mooted by the passing of the September 28, 2012 deadline set forth therein. As a result, and consistent with the parties' representations, the appeal relative to Matney is also moot. *See In re Vlasek* , 325 F.3d at 961.

Based on the foregoing, the Court DISMISSES the appeal AS MOOT and DENIES the remaining motions as a result.

SO ORDERED.

ENTERED:    September 4, 2013    

_____ /s/ JON E. DEGUILIO _____
Judge
United States District Court

3